UNITED STATES ex rel. ESSHOC v. FLUCKEY, Inspector of Immigration, et al.

Circuit Court of Appeals, Sixth Circuit. May 9, 1927.

No. 4845.

1. Evidence ⊜341, 357—Letter from Governor of province in Syria, or copy thereof, tending to show petitioner's birth in Syria, held inadmissible in habeas corpus to prevent deportation (U. S. C. tit. 28, § 661).

Letter from Governor of province in Syria to United States consul general, or copy certified by Department of State under Rev. St. § 882 (U. S. C. tit. 28, § 661), tending to show birth of petitioner in Syria, held inadmissible in habeas corpus proceeding to prevent deportation.

2. Habeas corpus ⊜85(1)—French passport, issued after order of deportation, held inadmissible to show petitioner's birth in Syria, in habeas corpus to prevent deportation.

French passport, issued by French embassy at Washington to petitioner as Syrian native,

after order of deportation, to permit such order to be carried out, *held* inadmissible to show birth in Syria, in habeas corpus to prevent deportation.

**3. Evidence ⟾334(1)—In habeas corpus to prevent deportation, landing certificate taken from Ellis Island records held admissible to show petitioner's birth in Syria.**

In habeas corpus to prevent deportation, landing certificate taken from Ellis Island records *held* admissible to show birth of petitioner in Syria, being competent as official record, kept in due performance of public business, and relevant for petitioner's failure to show passage on another boat.

**4. Habeas corpus ⟾113(13)—After vacating judgment dismissing writ of habeas corpus to prevent deportation, for admission of improper evidence, case may be remanded for further hearing (U. S. C. tit. 28, § 461).**

Where judgment dismissing writ of habeas corpus to prevent deportation is vacated for admission of improper evidence, case may be remanded for further hearing, in view of Rev. St. § 761 (U. S. C. tit. 28, § 461), provided government introduces further proofs within time to be fixed by court.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Habeas corpus by the United States, on the relation of Elias Esshoc, also known as Leo Isaac, against J. Arthur Fluckey, Inspector in Charge of Immigration at Cleveland, and another, to prevent deportation. From a judgment dismissing the writ, petitioner appeals. Judgment vacated, and case remanded.

J. B. Dworken, of Cleveland, Ohio, for appellant.

Irene Nungesser, Asst. U. S. Atty., of Cleveland, Ohio (A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, on the brief), for appellees.

Before DENISON and MOORMAN, Circuit Judges, and SIMONS, District Judge.

PER CURIAM. [1, 2] Esshoc brought habeas corpus to prevent his deportation to Syria. His evidence tended to show that he was born in the United States 35 years ago, and had lived here, except for two round trips to the family village in Syria. In order to learn the facts about Esshoc's birth, the Department of Labor requested the Department of State to make inquiries through the consular service. Accordingly, the United States consul general in Syria made inquiry from the Governor of the province of Greater Lebanon, who made inquiry in the family village and was told by the local authorities there that a man, more or less clearly identified with this Esshoc, had been born in that village. The Governor thereupon reported this result in a letter to the United States consul general, who sent this letter—or a copy—to Washington. A copy of this letter, certified by the Department of State under R. S. § 882 (U. S. Code, tit. 28, § 661), was offered and received in evidence. This was erroneous. The statute only gives to such copies the same evidential force the originals would have, and no theory is suggested or occurs to us by which the original could have been admissible. There was also received in evidence a French passport, issued by the French embassy at Washington to Esshoc as a Syrian native; but this was issued after the order of deportation, and to permit that order to be carried out. Obviously it had no evidential force. The error in these matters must be considered prejudicial, because the memorandum of the trial judge shows that he based his conclusion largely upon this class of evidence.

[3] We think the so-called "landing certificate" was admissible. This had reference to the landing in the United States in 1909 of a man coming from Syria to Cleveland. We understand the practice to be that at the point of embarkation the steamship company, by analogy to a manifest, makes out a record of many particulars regarding the passenger, as obtained from him or otherwise. Upon landing at Ellis Island, this manifest is delivered to the immigration authorities, and from it and other sources, including the immigrant's statements, they make up their landing certificate which is furnished to the immigrant. It was a certified copy of this manifest or certificate, taken from the Ellis Island records and duly certified by the authorities there, which was offered in evidence. We think it is entitled to be classified as an official record kept in the due performance of public business, so far as to be competent as evidence, and in this instance it tends to show that the passenger stated he was born in Syria. We think, also, that, taken in connection with Esshoc's statement that he made a return trip from Syria about that time, his failure to identify his return trip with any other boat or passage than the one covered by the certificate, and some inherent indication of identity, there was enough to make it relevant, in spite of other matters in the certificate indicating nonidentity. It is obvious however, that, in connection with a thorough explanation, it may turn out not to be of much weight. We are told, in argument that this name is so common, and that there is

19 F.(2d)—5

such confusion (to us) in the Syrian use of family and tribal names that seeming identities are misleading.

[4] Under the authority or analogy of R. S. § 761 (U. S Code, tit. 28, § 461), and Mahler v. Eby, 264 U. S. 32, 46, 44 S. Ct. 283, 68 L. Ed. 549, the judgment dismissing the writ should be vacated, and the case remanded for further hearing, at the election of the United States. The court should fix a time within which the United States may introduce further proofs. Lacking such proofs within the time limited, the writ should issue, and Esshoc be discharged. If the case is further prosecuted, proper opportunity doubtless will be given for Esshoc to get Syrian depositions, according to the established practice, if he desires.